1

2

3

4

5

6

7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

8  ALBERTO RUIZ,                          )      1:09-cv-00747 LJO YNP (DLB) (HC)
                                          )
9                   Petitioner,           )      ORDER DISMISSING PETITION FOR WRIT
                                          )      OF HABEAS CORPUS
10                                        )
         v.                               )
11                                        )
                                          )
12  W.J. SULLIVAN, Warden,                )
                                          )
13                  Respondent.           )
   _____)

14

15      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

16  pursuant to 28 U.S.C. § 2254.

17                              **DISCUSSION**

18      Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review

19  of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears

20  from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing §

21  2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  Otherwise, the Court will order

22  Respondent to respond to the petition.  Rule 5 of the Rules Governing § 2254 Cases.

23      A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

24  petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The

25  exhaustion doctrine is based on comity to the state court and gives the state court the initial

26  opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501

27  U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982);  Buffalo v. Sunn, 854 F.2d 1158,

28  1163 (9th Cir. 1988).

U.S. District Court

E. D. California

1    A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

2 full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v.

3 Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88

4 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full

5 and fair opportunity to hear a claim if the petitioner has presented the highest state court with the

6 claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504

7 U.S. 1 (1992) (factual basis).

8    Additionally, the petitioner must have specifically told the state court that he was raising a

9 federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669

10 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th

11 Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In Duncan, the United States

12 Supreme Court reiterated the rule as follows:

13    In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion
     of state remedies requires that petitioners "fairly presen[t]" federal claims to the
14    state courts in order to give the State the "'opportunity to pass upon and correct
     alleged violations of the prisoners' federal rights" (some internal quotation marks
15    omitted). If state courts are to be given the opportunity to correct alleged violations
     of prisoners' federal rights, they must surely be alerted to the fact that the prisoners
16    are asserting claims under the United States Constitution. If a habeas petitioner
     wishes to claim that an evidentiary ruling at a state court trial denied him the due
17    process of law guaranteed by the Fourteenth Amendment, he must say so, not only
     in federal court, but in state court.
18
   Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:
19
     Our rule is that a state prisoner has not "fairly presented" (and thus
20    exhausted) his federal claims in state court *unless he specifically indicated to
     that court that those claims were based on federal law*. See Shumway v. Payne,
21    223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in
     Duncan, this court has held that the *petitioner must make the federal basis of the
22    claim explicit either by citing federal law or the decisions of federal courts, even
     if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889
23    (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the
     underlying claim would be decided under state law on the same considerations
24    that would control resolution of the claim on federal grounds. Hiivala v. Wood,
     195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31
25    (9th Cir. 1996); . . . .
     In Johnson, we explained that the petitioner must alert the state court to
26    the fact that the relevant claim is a federal one without regard to how similar the
     state and federal standards for reviewing the claim may be or how obvious the
27    violation of federal law is.

28 Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

1    Upon review of the instant petition, it appears that Petitioner has not presented any of his

2  claims to the California Supreme Court.  Petitioner answered "no" where the petition asked whether

3  he had previously filed any other appeals or habeas petitions with respect to this matter. (See

4  generally Pet.)  Also, where the petition asked why the petitioner has not filed any appeals, he

5  responded "[d]id not appeal due to lack of law experience and procedures." (Id. at 3.)  Furthermore,

6  the petition makes absolutely no reference to any State court proceedings nor do the exhibits include

7  any State court decisions.  Because Petitioner has not presented all of the claims in the instant

8  petition to the California Supreme Court, the Court cannot proceed to the merits of those claims. 28

9  U.S.C. § 2254(b)(1).

10                                          **ORDER**

11    Accordingly, it is hereby ORDERED that

12    1) the Petition for Writ of Habeas Corpus is DISMISSED without prejudice and

13    3) the Clerk of the Court is DIRECTED to enter judgement in this case.

14    4) As this petition challenges a parole decision, a certificate of appealability is not required.

15  Rosas v. Nielsen, 428 F.3d 1229, 1232 (9th Cir.2005).

16

17    IT IS SO ORDERED.

18  **Dated:   February 1, 2010**              /s/ Lawrence J. O'Neill
                                              UNITED STATES DISTRICT JUDGE
19

20

21

22

23

24

25

26

27

28