# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ALBERTO RUIZ,

Petitioner,

v.

W.J. SULLIVAN, Warden,

Respondent.

1:09-cv-00747 LJO MJS HC

ORDER REQUIRING RESPONDENT TO PRODUCE MEDICAL RECORDS

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Stanton W. Lee, Esq., of the Office of the Attorney General for the State of California.

**I. <u>BACKGROUND</u>**

On April 27, 2009, Petitioner filed the instant federal petition for writ of habeas corpus in this Court. On August 12, 2009, Respondent filed a motion to dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d). (Mot., ECF No. 20.) On September 8, 2010, Petitioner responded by submitting a motion to deny Respondent's motion to dismiss and motion to proceed with the petition. (Hereafter referred to as "opposition.") (Opp'n, ECF No. 21.) Respondent filed a reply to the opposition on

September 16, 2010. (Reply, ECF No. 22.)

## II. DISCUSSION

As stated above, Respondent filed the motion to dismiss upon the alleged failure of Petitioner to file the petition within the one year statute of limitations period. In response, Petitioner asserts that he is entitled to equitable tolling of the limitations period due to his medical condition. (Opp'n at 2.) Petitioner informs the Court that he has been diagnosed with epilepsy, and suffers from both grand mal and partial seizures. (Opp'n.) Petitioner attaches to his opposition various exhibits indicating that he has been diagnosed with epilepsy and that he suffered at least one grand mal seizure during the limitations period. (Id.)

Under Laws v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003), Petitioner does not carry a burden of persuasion to justify further investigation into the merit of his equitable tolling argument. "Rather, our cases require only that there be 'circumstances consistent with petitioner's petition... under which he would be entitled to... equitable tolling' for further factual development to be required." Id.

Here, Petitioner has shown that a potential basis exists for equitable tolling based on his medical condition. Instead of requiring an evidentiary hearing with regard to this issue, the Court directs that Respondent produce all of Pettiioner's medical records for the period between May 2006 and April 2009. See Rules Governing Section 2254 Cases, Rule 7 ("Rule 7"). As stated in the advisory committee notes regarding the 2004 amendments to Rule 7, "the rule has been changed to remove the reference to the 'merits' of the petition in recognition that a court may wish to expand the record in order to assist it in deciding an issue other than the merits of the petition." Rule 7, advisory committee notes.

**ORDER**

Respondent is hereby ORDERED to produce all medical and psychological records relating to Petitioner's medical condition during the statute of limitations period at issue, i.e., from May 2006 to April 2009. Respondent shall also include any medical records created before or after the limitations period that relate to Petitioner's epileptic medical condition during the statute of limitations period. Such records shall be lodged with the Court within thirty (30)

days of service of this order.

IT IS SO ORDERED.

Dated: October 30, 2010

/s/ Michael J. Seng
UNITED STATES MAGISTRATE JUDGE