UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALBERTO RUIZ, | ) | 1:09-cv-00747 LJO MJS HC |
|           Petitioner, | ) | |
| v. | ) | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| W.J. SULLIVAN, Warden | ) | [Doc. 20] |
|           Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Stanton W. Lee, Esq., of the Office of the Attorney General for the State of California.

**I.  BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a November 9, 1984 judgment following a jury trial in the Superior Court of California, County of San Diego. Petitioner was convicted of second degree murder and use of a deadly weapon in violation of California Penal Code Sections 187 and 12022(b). (Pet., p. 2., ECF No. 1.) He was sentenced to serve a term of 16 years to life in state prison. (Id.) In the present Petition, Petitioner challenges the Board of Parole Hearings' ("Board") 2006

1  decision finding him unsuitable for parole. (Id. at 5.)

2  Starting in April 2007, Petitioner filed three collateral challenges with respect to the
3  decision of the Board finding him unsuitable for parole in the state courts, all petitions for writ
4  of habeas corpus, as follows:

5      1.    San Diego County Superior Court
          Filed: April 27, 2007[1];
6            Denied: June 20, 2007;

7      2.    California Court of Appeals, Fourth Appellate District
          Filed: August 3, 2007[2];
8            Denied: November 8, 2007;

9      3.    California Supreme Court
          Filed: January 18, 2008[3];
10           Denied: June 25, 2008;

11 See Mot., Exs. A-C.

12 On April 19, 2009[4], Petitioner filed the instant federal petition for writ of habeas corpus
13 in this Court. On August 12, 2010, Respondent filed a motion to dismiss the petition as being
14 filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d). Petitioner filed
15 an opposition to Respondent's motion to dismiss on September 8, 2010. On September 16,
16 2010, Respondent filed a reply to Petitioner's opposition. On November 1, 2010 the Court
17 ordered Respondent to produce medical records relating to Petitioner's equitable tolling
18 claims. Respondent lodged the documents with the Court on November 18, 2010.

---

[1] In Houston v. Lack, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). The Ninth Circuit has applied the rule to assess the timeliness of federal habeas filings under the AEDPA limitations period. Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir. 2001), citing Houston, 487 U.S. 266, 276, 108 S.Ct. at 2385. Under the mailbox rule, the Court deems petitions filed on the date Petitioner presumably handed her petition to prison authorities for mailing. See also Rule 3(d) of the Rules Governing Section 2254 Cases. As Petitioner's state petitions have not been provided to the Court, Petitioner may benefit from the mailbox rule with regard to this filing.

[2] As Petitioner's state petitions have not been provided to the Court, Petitioner may benefit from the mailbox rule with regard to this filing.

[3] As Petitioner's state petitions have not been provided to the Court, Petitioner may benefit from the mailbox rule with regard to this filing.

[4] While the petition was filed with the Court on April 27, 2009, Petitioner signed and dated the petition on April 19, 2009. Accordingly, the petition shall be considered filed on April 19, 2009.

## II. DISCUSSION

### A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of the one-year limitations period. 28 U.S.C. § 2244(d)(1). Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

### B. Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

In this case, the petition was filed on April 19, 2009, and therefore, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As

amended, § 2244, subdivision (d) reads:

>   (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>      (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the Petitioner's direct review became final. In a situation such as this where the Petitioner is challenging a parole board decision, the Ninth Circuit has held that direct review is concluded and the statute of limitations commences when the final administrative appeal is denied. See Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir. 2003) (holding that § 2244(d)(1)(D) applies in the context of parole decisions and that the Board's denial of an inmate's administrative appeal is the "factual predicate" of the inmate's claim that triggers the commencement of the limitations period).

With respect to the discovery of the factual predicate of a claim alleging an unconstitutional denial of parole, the Ninth Circuit Court of Appeals has not decided whether the triggering event is the initial decision denying parole or the point at which the decision becomes final. In Redd, the Ninth Circuit held that the factual predicate occurred on the date the administrative decision to deny parole became final. 343 F.3d at 1083-1084. This occurred after an administrative appeal taken by the petitioner was denied. Id.

At the time the Redd decision was rendered, September 11, 2003, California prisoners could contest the Board's adverse parole decision by filing an administrative appeal from the final decision of the Board. See Cal. Code Regs. tit. 15, § 2050 et seq. (2003). However, on May 1, 2004, the administrative appeal process was repealed and abolished. See Cal. Code Regs. tit. 15, § 2050 et seq. (2004).

Now, a parole consideration hearing decision, such as the May 2, 2006 decision in this instance, is considered a proposed decision until it passes through a decision review process. Cal. Pen. Code § 3041(a), (b); Cal. Code Regs., tit. 15, § 2041(h). All proposed decisions become final within 120 days unless the Board finds an error of law, the decision was based on an error of fact, or if new information when corrected or considered by the Board has a substantial likelihood of resulting in a substantially different decision on rehearing. Id.; Cal. Penal Code § 3041(b) ("any decision of the parole panel finding an inmate suitable for parole shall become final within 120 days of the date of the hearing. During that period, the board may review the panel's decision.")

Generally, it is not knowledge of some facts pertinent to a claim that constitutes discovery of a factual predicate within the meaning of § 2244(d)(1)(D); rather, it is knowledge of facts constituting reasonable grounds for asserting all elements of a claim in good faith. Hasan v. Galaza, 254 F.3d 1150, 1154-55 (9th Cir. 2001). The time begins to run when the petitioner knows, or through diligence could discover, the important facts, and not when the petitioner recognizes their legal significance; it is not necessary for a petitioner to understand the legal significance of the facts themselves before the obligation to exercise due diligence commences and the statutory period starts running. Id. at 1154 n. 3.

Here, the parole decision itself stated that it would not be final for 120 days. At all pertinent times, the state statute that provides for the parole suitability hearing and decision has also expressly provided for review of the decision before finality. Cal. Pen. Code § 3041(a), (b). The state statute has also stated that any decision granting parole becomes final within 120 days of the date of the hearing. Cal. Pen. Code § 3041(b). The pertinent regulations have provided that parole decisions of the board after a hearing "are proposed decisions and

1  shall be reviewed prior to their effective date in accordance with" specified procedures. Cal.
2  Code Regs. tit. 15, § 2041(a) (2010). It is expressly provided that "[a]ny proposed decision
3  granting, modifying, or denying a parole date for a life prisoner… shall become final no later
4  than 120 days after the hearing at which the proposed decision was made." Cal. Code Regs.
5  tit. 15, § 2043 (2010); see, Cal. Code Regs. tit. 15, § 2041(h). Under these circumstances, the
6  initial, proposed decision cannot logically constitute all the facts constituting reasonable
7  grounds for asserting a claim challenging a parole decision because the parole decision has
8  yet to be made.

9        This Court then concludes that the date on which the factual predicate of a decision on
10 Petitioner's parole could have been discovered through the exercise of reasonable diligence
11 was upon the decision's finality one hundred twenty (120) days after the decision was
12 rendered on May 2, 2006. Here, the Board's adverse decision rendered on May 2, 2006, was
13 merely a proposed decision and it did not become final until 120 days thereafter, on August
14 30, 2006. (See Pet. at 111.) The statute of limitations began to run the next day, August 31,
15 2006, and Petitioner had one-year thereafter to file a timely petition. 28 U.S.C. §
16 2244(d)(1)(D); Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004).

17       Petitioner would have one year from August 31, 2006, absent applicable tolling, in
18 which to file his federal petition for writ of habeas corpus.  However, Petitioner delayed in filing
19 the instant petition until April 19, 2009, over a year and a half after the statute of limitations
20 period expired.  Absent the later commencement of the statute of limitations or any applicable
21 tolling, the instant petition is barred by the statute of limitations. Petitioner has made no
22 showing that the statute of limitations should commence at a later date under § 2244(d)(1)(B)-
23 (D). Accordingly, Petitioner may only rely on tolling to attempt to show that his petition is not
24 barred by the statute of limitations.

25       **C.**     **Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

26       28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for
27 State post-conviction or other collateral review with respect to the pertinent judgment or claim
28 is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2).

1. In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

As stated above, the statute of limitations period began on August 31, 2006. Petitioner filed his first state habeas petition on April 27, 2007, in the San Diego County Superior Court. At that point, 239 days of the limitations period had elapsed. (Respondent has not provided copies of Petitioner's state court petitions. While April 27, 2007 is the date the petition was filed with the state court, Petitioner may benefit from the mail-box rule if he submitted the petition to prison authorities on an earlier date for mailing.) Assuming that all of Petitioner's state habeas petitions were properly filed, the statute of limitations period is tolled from April 27, 2007, the date the first petition was filed (or earlier, depending on the application of the mail box rule), until June 25, 2008, the date the California Supreme Court denied Petitioner's final petition.

As 239 days had expired prior to Petitioner filing his first round of state habeas petitions, 117 days of the limitations period remained as of June 25, 2008. Accordingly, the limitations period expired 117 days later on October 20, 2008. The present petition was filed on April 19, 2009, over five months after the expiration of the year statute of limitations period including applicable tolling. As noted, this calculation does not take into account any benefit for earlier filing Petitioner may receive by way of the mail-box rule. Houston, 487 U.S. at 276. However, it is unlikely the mail-box rule, even if it applied here, would benefit Petitioner more than by giving him a week, or perhaps two, of additional time. Accordingly, the instant federal

E. D. California

-7-

petition likely remains untimely.

**D.     Equitable Tolling**

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

1.     Petitioner's Assertions Regarding Equitable Tolling

Petitioner, in his opposition to the motion to dismiss, asserts that his medical condition should serve as a basis for equitable tolling. (Opp'n, ECF No. 21.) Petitioner asserts that he is an epileptic and suffers from both grand mal and petite mal seizures. (Id. at 2.) Petitioner attached documents to his opposition which corroborate that: (1) Petitioner has been medically assigned to a lower bunk and cannot operate machinery, (2) Petitioner suffered a grand mal seizure that required medical attention on July 22, 2008, (3) Petitioner suffered a seizure while being interviewed for a psychological assessment in 2003, (4) and Petitioner is on medication to help control the seizures.

Petitioner further asserts that while treatment has largely controlled his grand mal seizures, he may still experience up to five or six partial seizures a day.  The daily seizures make it difficult for Petitioner to read, write, and speak properly and leave him with momentary memory loss, focus, and concentration difficulties. (Id. at 3.)

Because of Petitioner's claims in this regard, the Court requested Respondent to produce Petitioner's relevant medical records during the period Petitioner asserts equitable tolling.  (Order for Production of Medical Records, ECF No. 23.) Respondent lodged the medical records under seal on November 18, 2010.[5] The medical records produced

---

[5] The Court has ordered the medical records be sealed by way of a separate order to protect Petitioner's privacy interests in his medical records. (See Order Sealing Records.) Respondent produced the medical records without identifying pagination.  However, the Court is not relying on the documents to determine the merits of the

corroborate that Petitioner does suffer from a epileptic condition for which he receives medication and that Petitioner reports daily seizures and slurred speech after seizures. In addition, Petitioner was undergoing evaluation by specialists in neuroscience and neurological impairment in 2007 and 2008. The latter period is one in which the statute of limitations period for filing the present petition for writ of habeas corpus is at issue.

The existing evidence is such as to confirm that Petitioner suffers from an epileptic condition which could have adversely affected his cognitive ability on a daily basis during the period of time in which he asserts he should benefit from equitable tolling.

### 2. Analysis of Equitable Tolling Determination

The Ninth Circuit has determined that mental incompetence can represent an extraordinary circumstance and serve as a basis for equitable tolling under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See Bills v. Clark, No. 08-17571 (9th Cir. Dec. 8, 2010); Laws v. Lamarque, 351 F.3d 919, 923 (9th Cir. 2003). If the petition or the record contains some evidence of a period of mental incompetency, courts have generally required further factual development of the record. See id. at 923-24 (describing extended incompetency evaluations at petitioner's trial); Rohan ex rel. Gates v. Woodford, 334 F.3d 803, 814 (9th Cir. 2003) (describing a record documenting "serious mental problems for many years"); Nara v. Frank, 264 F.3d 310, 319-20 (3d Cir. 2001), overruled in part on other grounds by Carey, 536 U.S. 214, 122 (evidentiary hearing warranted where evidence showed "ongoing, if not consecutive, periods of mental incompetency"). On the other hand, where a prisoner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, the equitable tolling claim will be denied. Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005) (Not clear error to find equitable tolling inapplicable where prisoner fails to show causal connection between physical and mental disabilities and inability to timely file petition.).

The Court previously found sufficient evidence of alleged mental incompetency to

matter, and so will simply summarize essential facts therein to show that a genuine issue of fact and law exists with regard to Petition's equitable tolling claims.

require an expansion of the record. The records provided, though helpful, do serve to reinforce the Court's concern that substantial factual and legal findings are necessary to determine if Petitioner's medical condition may serve to equitably toll the statute of limitations period. Specifically, and consistently with Ninth Circuit authority, this Court holds that further factual development is required before the court can determine Petitioner's mental capacity. (See e.g., Laws v. Lamarque, 351 F.3d at 924 (Noting the inadequate record before the court, when petitioner's previous competence inquiry required the assistance of three psychiatrists and two psychologists.)

The continuing potential for equitable tolling notwithstanding, Respondent in his reply asks the Court to grant the motion to dismiss based on the one year statute of limitations. (Reply, ECF No. 22.) Respondent acknowledges that Petitioner produced documents evidencing that he has a medical condition and that he suffered a grand mal seizure on July 22, 2008. (Id. at 2.) Respondent further admits that Petitioner may be entitled to equitable tolling due to the July 22, 2008 seizure. (Id. at 3. "At best, Ruiz could arguably be entitled to equitable toiling for a period of days, not months.") The Court agrees that a single seizure, while certainly a potential ground for equitable tolling, is not likely to explain the nearly six month delay in filing the petition. However, Respondent fails to address Petitioner's assertions that he suffers from several small daily seizures which leave him confused and disoriented. The medical records produced by Respondent are not sufficient to enable the Court to determine the merits of Petitioner's equitable tolling claims at this time.

The Court can dismiss a petition only if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. Petitioner has alleged potential grounds for equitable tolling. It is possible that when given the benefit of equitable tolling, Petitioner could be found to have timely filed the instant petition. As issues of fact and law exist with regard to whether Petitioner timely filed the petition, it does not "plainly appear" that Petitioner is barred from relief based on the statute of limitations. Respondent has not met the pleading burden, and the motion to dismiss must be denied at this time.

The Court has not made a determination as to whether Petitioner is entitled to equitable tolling. Should Respondent choose, he may file a renewed motion to dismiss addressing equitable tolling issues upon expanding the record by way of discovery or even an evidentiary hearing. See Rules 6-8 of the Rules Governing Section 2254 Cases.  However, it may be that significant evidence, possibly including expert witness evidence , willl be required to determine such issues. Alternatively, Respondent may address Petitioner's claims on the merits.

### III.   CONCLUSION

As explained above, Petitioner failed to file the instant petition for habeas corpus within the one year limitation period required by 28 U.S.C. § 2244(d).  Even after giving Petitioner the benefit of statutory tolling, the Petition was still filed nearly six months after the statute of limitations period elapsed. However, Petitioner may be excused from timely filing due to equitable tolling based on his medical condition. Accordingly, it does not plainly appear that Petitioner is barred from relief based on the expiration of the statute of limitations. Accordingly, this Court recommends that Respondent's motion to dismiss be denied with leave to file a renewed motion to dismiss based on the statute of limitations after the record has been expanded.  Alternatively, Respondent may address Petitioner's claims on the merits.

### IV.   RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be DENIED.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections.  The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28

1  U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections within the
2  specified time may waive the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>,
3  951 F.2d 1153 (9th Cir. 1991).

6  IT IS SO ORDERED.

7  Dated:   December 8, 2010            /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE