# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO RUIZ,<br><br>       Petitioner,<br><br>  v.<br><br>W.J. SULLIVAN,<br><br>       Respondent. | 1:09-cv-00747 LJO MJS HC<br><br>SUPPLEMENTAL FINDINGS AND RECOMMENDATION<br><br>[Doc. 26] |

The Findings and Recommendation issued by this Court on December 9, 2010, are hereby VACATED and replaced with the Supplemental Findings and Recommendation which follow.

On April 27, 2009, Petitioner filed the instant petition for writ of habeas corpus challenging the state courts' upholding of a May 2, 2006, decision of the California Board of Parole. Petitioner claims the California courts unreasonably determined that there was some evidence he posed a current risk of danger to the public if released.

On August 12, 2010, Respondent filed a motion to dismiss the petition as untimely. (Mot. to Dismiss, ECF No. 20.) On December 9, this Court issued findings and a

-1-

recommendation that the motion to dismiss 2010 be denied. (Findings and Recommendation, ECF No. 26.)

In light of the decision of the United States Supreme Court in <u>Swarthout v. Cooke</u>, ___ U.S.___, No. 10-333, 2011 U.S. LEXIS 1067 (Jan. 24, 2011), discussed in more detail below, this Court VACATES its December 9, 2010 findings and recommendations and addresses the merits of the petition. "An application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust remedies available in the courts of the state." 28 U.S.C. § 2254(b)(2).

Because California's statutory parole scheme guarantees that prisoners will not be denied parole absent some evidence of present dangerousness, the Ninth Circuit Court of Appeals held that California law creates a liberty interest in parole that may be enforced under the Due Process Clause. <u>Hayward v. Marshall</u>, 602 F.3d 546, 561-563 (9th Cir. 2010); <u>Pearson v. Muntz</u>, 606 F.3d 606, 608-609 (9th Cir. 2010); <u>Cooke v. Solis</u>, 606 F.3d 1206, 1213 (9th Cir. 2010), *rev'd*, <u>Swarthout v. Cooke</u>, 2011 U.S. LEXIS 1067. The Ninth Circuit instructed reviewing federal district courts to determine whether California's application of California's "some evidence" rule was unreasonable or was based on an unreasonable determination of the facts in light of the evidence. <u>Hayward</u>, 603 F.3d at 563; <u>Pearson</u>, 606 F.3d at 608.

On January 24, 2011, the Supreme Court issued its *per curiam* opinion in <u>Swarthout v. Cooke</u>, 2011 U.S. LEXIS 1067. It there held that "the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business." <u>Id.</u> at *10. The federal habeas court's inquiry into whether a prisoner denied parole received due process is limited to determining whether the prisoner "was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." <u>Id.</u> at *6, *citing*, <u>Greenholtz v. Inmates of Neb. Penal and Correctional Complex</u>, 442 U.S. 1, 16 (1979).

Review of the instant case reveals Petitioner was present at his parole hearing, was given an opportunity to be heard, and was provided a statement of reasons for the parole board's decision. (<u>See</u> Answer Ex. A, ECF No. 19-1.) According to the Supreme Court, this

1 is "the beginning and the end of the federal habeas courts' inquiry into whether [the petitioner]
2 received due process." Swarthout,2011 U.S. LEXIS 1067 at *7.  "The Constitution does not
3 require more [process]." Greenholtz, 442 U.S. at 16.

4     Given the holding in Swarthout, this Court must and does conclude that the instant
5 petition does not present cognizable claims for relief and must be summarily dismissed.

## RECOMMENDATION

7     Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's Petition be
8 SUMMARILY DISMISSED with prejudice for failure to state cognizable claims for relief.

9     This Findings and Recommendation is submitted to the assigned United States District
10 Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the
11 Local Rules of Practice for the United States District Court, Eastern District of California.
12 Within thirty (30) days after the date of service of this Findings and Recommendation, any
13 party may file written objections with the Court and serve a copy on all parties.  Such a
14 document should be captioned "Objections to Magistrate Judge's Findings and
15 Recommendation."  Replies to the Objections shall be served and filed within fourteen (14)
16 days after service of the Objections.  The Finding and Recommendation will then be submitted
17 to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636
18 (b)(1)(c).  The parties are advised that failure to file objections within the specified time may
19 waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th
20 Cir. 1991).

22 IT IS SO ORDERED.
23 Dated:   February 3, 2011     /s/ *Michael J. Seng*
      UNITED STATES MAGISTRATE JUDGE